J-A17022-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
   :              PENNSYLVANIA
   :
           v.    :
   :
   :
   :
ROBERT WILLIAMS    :
   :
          Appellant    :    No. 1631 EDA 2016

Appeal from the Judgment of Sentence April 7, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0011614-2007

BEFORE:   GANTMAN, P.J., RANSOM, J. and PLATT, J.*

MEMORANDUM BY RANSOM, J.:           **FILED SEPTEMBER 08, 2017**

Appellant, Robert Williams, appeals from the revocation court's order of April 7, 2016, denying his motion for access to the full transcript of his sentencing, a portion of which the court has purportedly sealed and declined to make available to either of the parties involved or the public.  For the reasons set forth below, we are constrained to quash the appeal.

We derive the following statement of facts and procedure from the record.  In August 2008, following a bench trial before the Honorable Genece Brinkley, Appellant was found guilty of carrying a firearm without a license, carrying a firearm in public in Philadelphia, possession of an instrument of crime, possession of a loaded weapon, simple assault, possession with intent

---

* Retired Senior Judge assigned to the Superior Court.

to deliver, and intentional possession of a controlled substance.[1]  Appellant was sentenced to an aggregate sentence of eleven and one-half to twenty-three months county incarceration, plus seven years of reporting probation.

Appellant was paroled in June 2009.  In July 2014, Appellant's probation was revoked, and the court sentenced him to a term of three to six months of county incarceration plus five years reporting probation.  In December 2014, the court granted Appellant's motion for early parole.  In December 2015, the trial court found Appellant in technical violation of his probation.[2]

In the days preceding Appellant's resentencing hearing, Appellant's lead counsel sent the court the following email:

> Dear Judge Brinkley, … At the last meeting at the probation office [Appellant] was discussing his visits to the Veteran's Hospital, schools and other places he's been visiting.  He indicated to [his probation officer and the assistant district attorney] that he would feel more comfortable relaying some of his thoughts and experiences to Your Honor *in camera*.  All parties thought this might be a good idea after [Appellant] explained his reasons and he gave specific reasons to them for wanting an *in camera* discussion.  Obviously the remainder of the hearing would be in open court.  I would respectfully ask the court to consider and grant this request.

---

[1] **See** 18 Pa.C.S. §§ 6106(a)(1), 6108, 907(a), 6106.1(a), 2701(a); 35 §§ 780-113(a)(30), 780-113(a)(16), respectively.

[2] This was the fourth time the court found Appellant to be in technical violation.  **See** Trial Court Opinion ("TCO"), 9/19/2016, at 2-3.

N.T. 4/7/2016, at 11-12.[3]

On the date of the hearing, February 5, 2016, Judge Brinkley, Appellant, Appellant's girlfriend Oneka Maraj, publicly known as "Niki Manaj," lead counsel, the assistant district attorney, and Appellant's probation officer went into chambers where an *in camera* discussion was held. TCO, 9/19/2016, at 27. A court reporter recorded this discussion; however, this portion of the record was not transcribed at the direction of the court. TCO, 9/19/2016, at 10; N.T. 4/7/2016, at 28. The relevant portion of the sentencing transcript reads:

> THE COURT: There was a request - prior request by counsel to allow [Appellant] to say some things to the court *in camera*, and I will grant the request and do that, at this time.
>
> (At this time, an in-camera discussion was held. This part of the transcript will be marked confidential and sealed by the court.)

N.T. 2/5/2016, at 70.

The remainder of the sentencing hearing was conducted in open court. The court revoked Appellant's probation and resentenced him to six to twelve months of county incarceration, plus six years reporting probation, with immediate parole to house arrest. In March 2016, Appellant filed an appeal from his judgment of sentence, which is currently pending before this Court. ***See Commonwealth v. Williams***, 730 EDA 2016.

---

[3] Appellant is a successful rap artist publicly known as "Meek Mill."

Appellant filed a motion for access to the full transcript of the February 5, 2016 sentencing proceedings. In the motion, Appellant recounted two incidents wherein the court reporter who had recorded the *in camera* discussion denied Appellant's requests for the full transcripts, citing the court's directive that the discussion was sealed. Motion for Access to Full Transcript of February 5, 2016 Sentencing Proceedings, 2/24/2016, at 4-5.

In April 2016, the court heard oral argument on the motion. The court confirmed that it directed the court reporter by phone not to furnish the notes to the Appellant, Commonwealth, or to the public.[4] N.T. 4/7/2016, at 17, 22-24. The court subsequently explained that if the transcript was released to Appellant it would also be simultaneously released to the public. *Id*. at 21-24; Defendant's and Commonwealth's Agreed Upon Statement of Record, 11/28/2016, at 2. N.T. 4/7/2016, at 17, 22-24. Appellant withdrew his motion, and the court's order was not placed on the court's docket. *Id*.

In May 2016, Appellant filed a notice of appeal from the court's ruling. Appellant filed a court-ordered Pa.R.A.P. 1925(b) statement wherein he raised errors pertaining to both his appeal from the judgment of sentence and the court's ruling on the sealing of transcripts. The revocation court filed a responsive opinion in September 2016.

_____

[4] We note that although Appellant, the Commonwealth, and the Court refer to the court's order to seal the *in camera* portion of the transcripts, the record and docket are devoid of any such order.

In November 2016, this Court issued an Order directing Appellant to show cause why the instant appeal should not be quashed as having been taken from an order which is neither part of the record nor entered upon the docket of the trial court. Order, 11/16/ 2016; *see* Pa.R.A.P. 301(a)(1). Appellant filed a responsive pleading joined by the Commonwealth that outlined the procedural history surrounding the ruling, and this Court subsequently entered the following Order:

> In accordance with this Court's Order of November 16, 2016, and in consideration of Appellant's response, the issue raised by this Court's Order will be referred to the panel assigned to decide the merits of this appeal and the issue will be considered by that panel.

Order, 11/30/2016.

> Appellant presents the following question for our review:
>
> 1. Whether the trial court's April 7, 2016 bench ruling violated [Appellant's] right of access to the transcript of his sentencing, and whether that ruling constitutes legal error and an abuse of discretion under Pennsylvania law governing a defendant's right of access to the transcripts of proceedings under the protections afforded by the United States' and Pennsylvania's Constitutions and Pennsylvania's settled procedures for sealing transcripts?

Appellant's Brief at 6.

As an initial matter, "[w]e do not have jurisdiction over non-appealable orders." **Commonwealth v. Frey**, 41 A.3d 605, 609 (Pa. Super. 2012). "[N]o order of a court shall be appealable until it has been entered upon the appropriate docket in the lower court." Pa.R.A.P. 301(a)(1). Here, a review of the trial court's docket reflects that no appealable order was entered on

April 7, 2016. Further, the record establishes that the *in camera* discussion was held at Appellant's request. N.T. 4/7/2016, at 11-12. Thus, the decision to hold a portion of the hearing off the record was not adverse to Appellant's interests. Finally, Appellant's motion for full access to the sentencing transcripts was withdrawn. N.T. 4/7/2016, at 17, 22-24. Therefore, the court did not rule on the motion, and there is nothing for this Court to review. Accordingly, we are without jurisdiction to hear the instant appeal.

Accordingly, finding that no appealable order exists, we quash this appeal.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/8/2017